# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ANTHONY ORAM,

   Plaintiff,

v.                                                 Civil Action No.:  SAG-22-3039

H. SIAKOR-SIRLEAF, *Management Assistant to Director Watts*,

   Defendant.

## MEMORANDUM

Self-represented Plaintiff Anthony Oram, an inmate presently incarcerated at Roxbury Correctional Institution in Hagerstown, Maryland, filed this civil action against H. Siakor-Sirleaf on November 22, 2022.  ECF No. 1.  On June 5, 2023, Defendant, through counsel, filed a Motion to Dismiss.[1]  ECF No. 13.  Oram was informed by the Court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that his failure to file a response in opposition to Defendant's Motion could result in dismissal of the Complaint.  ECF No. 14.  To date, Oram has not filed a response.  A hearing is not necessary.  *See* Local Rule 105.6 (D. Md. 2023).  For the reasons explained below, the Court will grant Defendant's Motion.

### I. Background

Oram alleges that while incarcerated at Baltimore County Detention Center ("BCDC"), he was denied the ability to send letters to his wife, who is also incarcerated, despite his requests for

---

[1] On May 3, 2023, this Court issued an order directing Defendant to show cause why default should not be entered against Defendant for their failure to timely respond to the Complaint.  ECF No. 9.  Defendant did not file a separate response to the order to show cause, instead adding a footnote to their pending motion stating that counsel for Defendant failed to properly calendar the deadline.  While this is not good cause for filing their response two months late, the Court finds that there has been no prejudice to Plaintiff as the Complaint must be dismissed for the reasons stated herein.

approval by BCDC Director Watts.  ECF No. 1 at 2.  Oram asserts that the Director never responded.  *Id.* at 3.  Oram seeks compensation and injunctive relief granting him the ability to correspond with his wife and co-defendant, Angelica Lozada.  *Id.* at 4.

## II.     Standard of Review

Defendant moves to dismiss, arguing that Plaintiff's Complaint is either moot or fails to state a claim upon which relief can be granted.  ECF No. 13.  To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff."  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

## II.    Discussion

Defendant argues that to the extent Oram seeks injunctive relief, his claim is moot.  ECF No. 13 at 1.  Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted).  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks

omitted). Where injunctive or declaratory relief is requested in an inmate's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Rd's Reg'l Jail*, 407 F.3d 243, 248-49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief).

Defendant states that Oram was released from BCDC custody on December 6, 2022, and is now in custody of the Maryland Department of Public Safety and Correctional Services ("DPSCS"). ECF No. 13 at 1. In fact, he is now incarcerated at Roxbury Correctional Institution, a DPSCS facility. *See* ECF No. 6 (Oram Notice of Change of Address). Accordingly, Oram's claim for injunctive relief is moot.

As to Oram's remaining claim for damages, Defendant argues that the Complaint should be dismissed because it is not a violation of an inmate's First Amendment rights to reasonably restrict their ability to communicate through the mail. ECF No. 13 at 1. Prisoners have a First Amendment right to send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). However, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Specifically, and particularly relevant here, the Supreme Court held in *Turner v. Safley*, that a prison regulation prohibiting inmate-to-inmate correspondence was not unconstitutional because it was reasonably related to legitimate security concerns. *See* 482 U.S. at 91-92. The Court further noted that such a regulation did "not deprive prisoners of all means of

3

expression. Rather, it bars communication only with a limited class of other people with whom prison officials have particular cause to be concerned…" *Id.* at 92.

Here, Defendant points to the Complaint exhibits which show that Oram's requests to communicate with his wife, another inmate, were denied due to security concerns. *See* ECF No. 1-1 at 1, 7 ("Due to institutional security concerns, inmates are not permitted to correspond with one another;" "…communication is prohibited between inmates within the Detention Center due to institutional security concerns."). The *Safley* Court has determined that restricting inmate-to-inmate correspondence due to security concerns is related to a valid penological interest and is therefore not an unconstitutional restriction. 482 U.S. at 91-93. Accordingly, Oram's Complaint fails to state a claim for which relief may be granted.

**IV.   Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. The Complaint is DISMISSED as moot as to his request for injunctive relief and denied with prejudice as to his request for damages. A separate Order shall issue.

| | |
|---|---|
| _November 30, 2023_ <br> Date | _____/s/_____ <br> Stephanie A. Gallagher <br> United States District Judge |